# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT STAMPER,**

      **Petitioner,**

v.                                                                                          **2:07 CV 51**
                                                                                          **(Maxwell)**

**WAYNE PHILLIPS, Warden,**

      **Respondent.**

## ORDER

It will be recalled that on June 22, 2007, *pro se* Petitioner Robert Stamper, a federal prisoner incarcerated at FCI-Morgantown in Morgantown, West Virginia, instituted the above-styled civil action by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he sought an order directing the Bureau of Prisons to place him in a Community Corrections Center for the last six months of his incarceration.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, United States Magistrate Judge James E. Seibert issued a Report And Recommendation on February 1, 2008, wherein he recommended that the Petitioner's request for a Writ of Habeas Corpus be granted and that the Bureau of Prisons be directed to reconsider him for CCC placement utilizing the five factors set forth in 18 U.S.C. § 3621(b). Thereafter, on April 11, 2008, Magistrate Judge Seibert entered an Order Vacating Report And Recommendation And Issuing Second Roseboro Notice. In his April 11, 2008, Order, Magistrate Judge Seibert indicated that, on February 26, 2008, the Respondent had filed a Supplemental Response

to Application for Habeas Corpus contending that the Petitioner's Petition should be dismissed as moot in light of the fact that the Petitioner had been reviewed for CCC placement utilizing the five factors set forth in 18 U.S.C. § 3621(b). Accordingly, Magistrate Judge Seibert's April 11, 2008, Order vacated his February 1, 2008, Report And Recommendation; construed the Respondent's Supplemental Response to Application for Habeas Corpus as containing a Motion to Dismiss; and provided the Petitioner with thirty days from the date of entry of said Order in which to file any opposition explaining why his case should not be dismissed. The docket in the above-styled civil action reflects that the Petitioner has not, to date, filed any response to the Respondent's Motion to Dismiss.

Thereafter, on May 20, 2008, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Respondent's Motion to Dismiss be granted and that the Petitioner's § 2241 Application be denied and dismissed with prejudice.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten (10) days from the date of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation.

The Court's review of the docket in the above-styled action has revealed that no objections to Magistrate Judge Seibert's May 20, 2008, Report And Recommendation have been filed by either of the parties and that this matter is now ripe for review.

Upon consideration of Magistrate Judge Seibert's May 20, 2008, Report and

Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on May 20, 2008 (Docket No. 19), be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Respondent's Motion To Dismiss (Docket No. 10) be, and the same is hereby, **GRANTED**. It is further

**ORDERED** that the Petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be, and the same is hereby, **DENIED** and **DISMISSED** with prejudice. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent. It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate

---

[1] The failure of a party to file an objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** July   25  , 2008

/S/ Robert E. Maxwell
United States District Judge